UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CENTERPOINT CHURCH OF
BURTON,

        Plaintiff,

v.

BROTHERHOOD MUTUAL
INSURANCE COMPANY,

        Defendant.
_____/

Case No. 2:24-cv-11861

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER REMANDING CASE [9]**

Plaintiff CenterPoint Church of Burton sued Defendant Brotherhood Mutual Insurance Company for breach of contract under an insurance policy. ECF 1-2 (amended complaint); ECF 10-2 (original complaint). Defendant removed the case after Plaintiff amended the complaint. ECF 1. Plaintiff moved for remand and argued that the removal was untimely. ECF 9. For the reasons below, the Court will grant the motion and remand the case.

### BACKGROUND

The instant case concerns an insurance coverage dispute that arose from Plaintiff's claim for water damage caused by a burst pipe at a property located at 1225 S. Center Rd., Burton, MI 48509. ECF 13, PgID 717. Defendant ultimately paid Plaintiff $481,877.29 for repair and replacement of damaged property. *Id.*

Initially, however, Defendant's claims adjuster prepared an estimate of $529,454.09 that included all line items of work plus ten percent for overhead and

1

ten percent for profit to repair the damage to the building. ECF 10-2, PgID 668. Plaintiff alleged that Defendant initially paid $450,000.00 and withheld $71,649.27 in depreciation. *Id.* at 605. Plaintiff then hired a general contractor to perform the building and other work. ECF 10, PgID 583–84. Due to problems during the project, Plaintiff and its contractor negotiated a Settlement Agreement, in which Plaintiff agreed that the contractor had completed and earned $456,671.26 on the project. *Id.* at 584. Plaintiff alleged that it hired a new contractor that it paid $84,937.17, bringing the total repair expense to $541,608.43. *Id.* On August 4, 2023, Plaintiff forwarded a letter to Defendant requesting the remaining $71,649.27, but Defendant denied the request. *Id.*

In its initial state court complaint, Plaintiff pleaded damages of $71,649.27 and twelve percent interest under Mich. Comp. Laws § 500.20006. ECF 10-2, PgID 609. Plaintiff served the initial complaint on Defendant on May 6, 2024. ECF 9, PgID 574. Plaintiff later amended the complaint on July 11, 2024, and Defendant removed the amended complaint a week later. *See id.*; ECF 1. Plaintiff requested the Court remand the case and argued that removal was untimely because the original complaint pleaded an amount in controversy in excess of $75,000 and was therefore removable at filing. ECF 9; 10.

## LEGAL STANDARD

A defendant may remove a complaint from state court in only two instances: first, if the plaintiff asserted a federal claim, or second, if the plaintiff asserted a state claim, but the Court has diversity jurisdiction over it. 28 U.S.C. § 1441(a)–(b).

2

Diversity jurisdiction requires, *inter alia*, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). "The amount in controversy is viewed 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Mathis v. Encompass Ins. Co.*, No. 08-cv-12838, 2008 WL 4279357, at *2 (E.D. Mich. Sept. 15, 2008) (quoting *Williamson v. Aetna Life Ins. Co.,* 481 F.3d 369, 376 (6th Cir.2007)). "Statutory interest and attorney fees may be considered in determining the amount in controversy if a statute expressly allows for such recovery." *Id.* (citing *Williamson,* 481 F.3d at 376); *see also Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met.").

If a defendant wishes to remove a case, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days" after the defendant receives the complaint. 28 U.S.C. § 1446(b)(1). The thirty-day period runs from the date that a defendant has "solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Group, PLLC,* 779 F.3d 352, 364 (6th Cir. 2015). "[A]ny ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts." *Brierly v. Alusuisse Flexible Packaging Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## DISCUSSION

The Court will remand the case because Defendant did not timely file the notice of removal. Defendant argued that removal was timely because the Court should not consider statutory interest as part of the amount in controversy. ECF 13, PgID 722. In the alternative, Defendant argued that the Court should apply the revival exception. *Id.* at 730. Both arguments fail.

In the Sixth Circuit, "[s]tatutory interest and attorney fees may be considered in determining the amount in controversy if a statute expressly allows for such recovery." *Mathis*, 2008 WL 4279357, at *2 (quoting *Williamson,* 481 F.3d at 376). Plaintiff clearly pleaded in the initial complaint that it sought $71,649.27 plus twelve percent statutory interest under Mich. Comp. Laws § 500.2006. ECF 10-2, PgID 609; *see also* Mich. Comp. Laws § 500.2006(4) ("If benefits are not paid on a timely basis, the benefits paid bear simple interest from a date 60 days after satisfactory proof of loss was received by the insurer at the rate of 12% per annum, if the claimant is the insured or a person directly entitled to benefits under the insured's insurance contract."). Plaintiff submitted proof of loss by August 4, 2023. ECF 10-2, PgID 678. That was enough time—with simple interest—to place the amount in controversy over $75,000.

Defendant nevertheless argued that the Court should not consider the interest fee because Plaintiff was not legally entitled to it under the contract. ECF 13, PgID 723–24. But "[t]he amount in controversy is viewed 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Mathis*,

4

2008 WL 4279357, at *2 (quoting *Williamson,* 481 F.3d at 376). Defendant wants the Court to reach the merits of Plaintiff's claims and determine now whether under the insurance policy Plaintiff may be entitled to statutory interest. The Court will not do so. *See id.*

In support, Defendant cites *Charvat v. GVN Mich., Inc.,* 561 F.3d 623, 626 (6th Cir. 2009). ECF 13, PgID 727. In *Charvat,* the court held that, notwithstanding the plaintiff's claim for damages on a per violation basis, the statutes under which plaintiff sought recovery limited the plaintiff's potential award on a per call basis as opposed to a per violation basis. 561 F.3d at 627. Accordingly, because there was a legal certainty that plaintiff could not recover more than $75,000, the district court lacked jurisdiction. *Id.* But here it is *not* a legal certainty that Plaintiff is not entitled to statutory interest. Defendant's argument relies not on the statute, but on the terms of the insurance policy. Defendant argued that Plaintiff is not entitled under the contract to money in excess of that actually paid and therefore cannot recover interest under the statute. ECF 13, PgID 725. But to make a determination like that here would require the Court not only to interpret the insurance policy, but also to make a factual determination, *inter alia,* regarding the amount Plaintiff actually paid. It is therefore not legally certain that Plaintiff cannot recover a sum in excess of $75,000. Defendant's argument is more appropriately considered in the normal course of litigation. *See Brierly*, 184 F.3d at 534 ("[A]ny ambiguity regarding the scope of §1446(b) should be resolved in favor of remand to the state courts.").

5

Next, the revival exception is inapplicable. Defendant argued that the amended complaint changed the nature of the dispute so much that it is an entirely new dispute—thereby reviving Defendant's right to removal. ECF 13, PgID 731; *see also Wilson v. Intercollegiate (Big Ten) Conf. Athletic Ass'n*, 668 F.2d 962 (7th Cir. 1982). Not so. Both the original and the amended complaints sought recovery for breach of contract under an insurance policy related to a claim for water damage at 1225 S. Center Rd., Burton, MI 48509. ECF 1-2 (amended complaint); ECF 10-2 (original complaint). When the underlying facts and causes of action are the same, the mere fact that Plaintiff changed its damage model does not change the nature of the dispute so drastically as to warrant characterizing it as an entirely new dispute. *See Garber v. Bosch Rexroth Corp.*, 2013 WL 5934646 (E.D. Ky. Oct. 30, 2013) (allowing defendants to take advantage of the revival exception when the amended complaint relied on different facts); *Johnson v. Heublein Inc.*, 227 F.3d 236, 242 (5th Cir. 2000) ("Although a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed in the same case.") (cleaned up).

In sum, Defendant had "solid and unambiguous information that the case [was] removable" when it received the original complaint on May 6, 2024. *Berera*, 779 F.3d at 364. And the amended complaint does not invoke the revival exception. Defendant's July 18, 2024 notice of removal is therefore untimely. *See* 28 U.S.C. § 1446(b)(1). Accordingly, the Court will remand the case to the 7th Circuit Court for the County of Genesee.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to remand [9] is **GRANTED**.

**IT IS FURTHER ORDERED** that the case is **REMANDED** to the 7th Circuit Court for the County of Genesee.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: September 17, 2024